IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGE J. MADERA, M.D.,

    Plaintiff,                                      Case No. 1:22-CV-00285-MLG-SCY

v.

TAOS HEALTH SYSTEMS, INC., D/B/A
HOLY CROSS HOSPITAL,

    Defendant.

### DEFENDANT'S MOTION TO AWARD AND TAX COSTS

Pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1, Defendant Taos Health Systems, Inc., d/b/a Holy Cross Hospital ("Defendant"), respectfully requests the Court order the award of Defendant's costs (in the amount of $21,936.34) with post-judgment interest. In support of the Cost Bill, **Exhibit A**, Defendant submits the following:

**I.**     **Factual Background**

    1.     On April 18, 2022, Plaintiff filed his Complaint for Damages Arising from Breach of Contract, Intentional Interference with Contractual Relations, Intentional Interference with Prospective Economic Relations, and Defamation ("Complaint"). *See* Dkt. 1.

    2.     On March 3, 2023, Plaintiff filed the First Amended Complaint. Dkt. 37.

    3.     On April 26, 2024, the parties attended a Rule 16 Settlement Conference before Judge Steven C. Yarbrough. Plaintiff's demand was $3,999,999.99, (**Ex. B**, p. 10), and Defendant's initial offer was $50,000.00. No settlement resulted.

4. On February 19, 2025, the Court granted in part and denied in part Defendant's Motion for Summary Judgment, reducing Plaintiff's claims to one: intentional interference with prospective economic relations under New Mexico law. Dkt. 100.

5. On April 2, 2025, Defendant submitted a Rule 68 Offer of Judgement to Plaintiff in the amount of $130,000.00.

6. On April 25, 2025, Plaintiff rejected the Offer of Judgement and presented his "best and final" offer of $3,999,999.99, the same amount Plaintiff demanded in his mediation statement prior to mediation with Judge Yarbrough. **Ex. C**.

7. A jury trial for this matter was held from June 23 to June 30, 2025, before Judge Matthew L. Garcia.

8. On June 30, 2025, while the jury was still deliberating, Defendant's counsel and Plaintiff's counsel conferred about potential settlement and whether Plaintiff would consider reducing his $3,999,999.99 demand. Plaintiff's counsel discussed with Plaintiff who reiterated his demand of $3,999,999.99.

9. Later on June 30, 2025, the jury found in favor of Defendant by finding that Plaintiff failed to prove damages, an essential element of his claim. Dkt. 151.

10. On July 7, 2025, the Court entered Final Judgment upon the verdict in favor of Defendant. The Court retained jurisdiction "over any appropriate post-judgment proceedings, including any determination of proper costs yet to be determined." Dkt. 154.

## II.    Legal Standard

"[U]sually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001)

(quoting Wright & Miller, *Federal Practice & Procedure*, § 2667). "Rule 54 creates a presumption that the district court will award the prevailing party costs." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). "Because a denial of costs is a severe penalty, there must be some apparent reason to penalize the party if costs are to be denied." *Bird v. Regents of N.M. State Univ.*, No. CIV 08-851 WJ/RHS, 2015 U.S. Dist. LEXIS 178569, at *5 (D.N.M. Mar. 3, 2015) (quoting *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1526-1527 (10th Cir. 1997)); *see West v. N.M. Taxation & Revenue Dep't*, No. CIV 09-0631 JB/CG, 2011 U.S. Dist. LEXIS 127018, at *7 (D.N.M. Sep. 30, 2011) ("Only a showing that an award would be inequitable under the circumstances can overcome the presumption in favor of awarding costs to the prevailing party.")

"Once a prevailing party establishes its right to recover allowable costs, . . . the burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed." *In re Williams Sec. Litig—WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (internal quotations omitted). "In a diversity case, federal law controls in regard to the assessment of costs." *Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996) (internal quotations omitted). 28 U.S.C. sections 1920 and 1821 define "costs" under FRCP 54(d) and include the following:

1. Clerk of Court and U.S. Marshal fees;
2. deposition expenses when a transcript was received into evidence or was otherwise reasonably necessary for use in the case;
3. printing fees;
4. witness fees' and witnesses' travel and subsistence expenses, where the witnesses' testimony was material, relevant and reasonably necessary to the case;

     5.     certain docket fees; and

     6.     fees for court-appointed experts and interpreters.

*See Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 338-39 (2019); D.N.M. LR-Civ. 54.2.

**III.**    **Defendant is Entitled to Costs.**

Because judgment was rendered for Defendant, Defendant is the prevailing party. *Barber v. T.D. Williamson, Inc.*, 254 F.3d at 1234. The Court should follow the strong presumption in favor of awarding costs to Defendant. *See Williams*, 558 F.3d at 1151 ("Even if litigation is complex or lengthy, instituted in good faith, and resolved early, we have rejected attempts to deny prevailing parties their otherwise taxable costs."). Additionally, Plaintiff's rejection of the Offer of Judgment weighs in favor of awarding Defendant's costs. *See Delta Air Lines v. August*, 450 U.S. 346, 356 (1981) ("If a plaintiff chooses to reject a reasonable offer, then it is fair that he not be allowed to shift the cost of continuing the litigation to the defendant in the event that his gamble produces an award that is less than or equal to the amount offered.") (discussing FRCP 68(d), under which a plaintiff must pay costs if awarded less than the defendant's offer of judgement).

Each of the costs detailed in **Exhibit A** is correct, reasonable, and recoverable. *See* **Exhibit D**. Specifically:

1. (Cost Nos. 1-2) Deposition costs associated with Dr. Madera's and Dr. Ismail's depositions are recoverable pursuant to 28 U.S.C § 1920(2) and D.N.M. LR-Civ. 54.2(b). Dr. Madera's deposition was integral to preparing for cross examination and for impeachment purposes. Dr. Ismail's deposition was admitted into evidence.

2. (Cost No. 3) Transcript costs are recoverable pursuant to 28 U.S.C § 1920(2) and D.N.M. LR-Civ. 54.2(a). Defendant ordered the transcript of Dr. Madera's testimony

at trial for use in the remainder of the trial and for purposes of representing evidence during closing argument.

3. (Cost No. 4) Costs for service of a subpoena are recoverable pursuant to 28 U.S.C § 1920(1). *Munoz v. FCA US LLC*, No. 1:17-cv-00881-WJ-SCY, 2022 U.S. Dist. LEXIS 202741, *5 (D.N.M. Nov. 7, 2022) ("Although the Tenth Circuit has yet to weigh in on the issue, District Courts in New Mexico routinely permit prevailing parties to recover the cost of private process servers under Section 1920(1)."). Defendant incurred subpoena costs associated with subpoenaing documents and deposition testimony from Clinica Medica. As a result, Clinica Medica Administrator, Dr. Yvette Hargrove-Brown, provided critical testimony at trial.

4. (Cost No. 5) Court clerk fees, including pro hac vice fees, are recoverable pursuant to 28 U.S. Code § 1920(1). Defendant's counsel, Mr. Gutierrez, filed a pro hac vice in this case, participated throughout the case, and was reasonably necessary to presenting a defense.

5. (Cost Nos. 6, 11, 15, 18, 23, 27) Costs for witness food subsistence are recoverable pursuant to 28 U.S.C §§ 1920(3), 1821 and D.N.M. LR-Civ. 54.2(3). 28 U.S.C § 1821(d)(2) limits subsistence allowances to the General Services Administration's ("GSA") maximum per diem rate for Alburquerque, which is $80.[1] While Defendant includes actual expenses that Defendant reimbursed, Defendant requests only the maximum per diem rate for the number of days during which each witness testified.

---

[1] Available at https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?action=perdiems_report&fiscal_year=2025&state=NM&city=Albuquerque&zip=

6. (Cost Nos. 7, 9, 12, 16, 19, 24, 28) Costs for witness lodging are recoverable pursuant to 28 U.S.C §§ 1920(3), 1821 and D.N.M. LR-Civ. 54.2(3). 28 U.S.C § 1821(d)(2) limits lodging allowances to the GSA's maximum per diem rate for Alburquerque, which is $144.[2] Despite several witnesses having to incur lodging costs while waiting to testify, Defendant limits its cost request to the maximum per diem rate for the number of days each witness was on the stand. Specifically, Dr. Moore, Mr. Patten, and Ms. Brennan were each on the stand over the course of two days and, as such, Defendant requests recovery of the maximum rate of $288 (*i.e.*, $144 x 2). For the remaining witnesses (Opal Keene, Dr. Hargrove-Brown, Ms. Skillin, and Ms. Hamilton), each took the stand ring the course of one trial day and, as such, Defendant requests only the maximum $144 rate for one night of lodging.

7. (Cost Nos. 8, 13, 20, 25) Costs for witness airfare travel is recoverable pursuant to 28 U.S.C §§ 1920(3), 1821. Specifically, 28 U.S.C § 1821(c)(1) states that "[a] witness who travels by common carrier shall be paid for the actual expenses of travel." These travel costs were reasonably incurred for respective witness attendance to provide in-person testimony.

8. (Cost Nos. 17, 29) Costs for witness travel by personal vehicle is recoverable pursuant to 28 U.S.C §§ 1920(3), 1821. 28 U.S.C § 1821 limits reimbursement to the milage allowance set forth by the GSA, which is $0.70 per mile.[3] Opal Keene traveled from

---

[2] Available at https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?action=perdiems_report&fiscal_year=2025&state=NM&city=Albuquerque&zip=

[3] Available at https://www.gsa.gov/travel/plan-a-trip/transportation-airfare-rates-pov-rates-etc/privately-owned-vehicle-pov-mileage-reimbursement

her home in Salt Lake City, Utah to Albuquerque. The distance from her home (2636 South Green Street, Salt Lake City, UT 84106) to the federal courthouse in Albuquerque is 596 miles according to Google Maps. At a rate of $0.70 per mile for travel each direction, the milage allowance for Ms. Keene is $834.40. Luisa Hamilton traveled from her home in Taos, New Mexico (PO Box 1259, Ranchos De Taos, NM 87557) to the federal courthouse in Albuquerque, which is 128 miles according to Google Maps. At a rate of $0.70 per mile for travel each direction, the milage allowance for Ms. Hamilton is $179.20.[4]

9. (Cost Nos. 10, 22) Expert witness fees are generally not recoverable through a Rule 54 motion. However, "[a]n expert witness not appointed by the Court will be paid the same fee as a lay witness." D.N.M. LR-Civ. 54.2(c)(2). Each of Defendant's experts testified at trial and their respective expert witness fees significantly exceeded the per diem fee for lay witnesses.[5] 28 U.S.C § 1821(b) (fixing per diem witness attendance fee at $40.00). As such, Defendant requests recovery of the $40.00 cap for each of its expert witnesses for each day they testified.

10. (Cost Nos. 14, 21, 26) Costs for third-party transportation, such as Uber, and parking are recoverable pursuant to 28 U.S.C §§ 1920(3), 1821. Specifically, 28 U.S.C § 1821(c)(3) states that "toll charges for toll roads, bridges, tunnels, and ferries, taxicab

---

[4] Dr. Moore also used his personal vehicle for travel to trial. However, Dr. Moore only requested that his hotel stays be reimbursed and, as such, Defendant does not request to recover such mileage from Plaintiff.

[5] As set forth in their respective expert disclosures, Ms. Skillin's hourly rate is $450.00. Ms. Brennan's hourly rate is $625.00.

fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses." These travel costs were reasonably incurred for respective witness attendance to provide in-person testimony.

Therefore, pursuant to 28 U.S.C. sections 1920 and 1821 and Local Civil Rule 54.2, Defendant requests recovery of $21,936.34 in taxable costs as specified in **Exhibit A**. Further, Defendant requests that post-judgement interest be awarded. *Wheeler v. John Deere Co.*, 986 F.2d 413, 415 (10th Cir. 1993) (concluding that post-judgment interest is mandatory on an award of costs). 28 U.S.C. § 1961(1) sets the interest rate "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." The average 1-year constant maturity Treasury yield for the week preceding judgement (June 30 through July 4) was 4.00%.[6] The total amount of payment can be calculated as follows: $(Awarded\ Costs\ \times\ 0.000102\ \times\ Days\ Since\ Judgment) + Awarded\ Costs = Total\ Taxable\ Cost\ Payment$.

---

[6] The 1-year constant maturity Treasury yield for June 30 through July 4 was:

| June 30, 2025 | 3.96 |
| July 1, 2025 | 3.98 |
| July 2, 2025 | 3.99 |
| July 3, 2025 | 4.07 |
| July 4, 2025 | No data – Treasury Closed |

Available at https://home.treasury.gov/resource-center/data-chart-center/interest-rates/TextView?type=daily_treasury_yield_curve&field_tdr_date_value=2025. The average of these rates is 4.00 percent ((3.96 + 3.98 + 3.99 + 4.07) / 4 = 4.00).

## IV. Conclusion

Accordingly, pursuant to FRCP 54(d) and Local Rules 54.1 and 54.2, Defendant respectfully requests recovery for its costs as listed and taxed in **Exhibit A** with post-judgment interest.

## V. Conferral

Concurrence was sought, and Plaintiff opposes this motion.

Dated August 4, 2025.

        Respectfully,

        **HOLLAND & HART LLP**

        */s/ Austin W. Jensen*
        Austin W. Jensen
        Steven M. Gutierrez *(Pro Hac Vice)*
        HOLLAND & HART LLP
        555 17th Street, Ste 3200
        Denver, CO 80202
        Tel:   (303) 295-8000
        Email: awjensen@hollandhart.com
               sgutierrez@hollandhart.com

        Little West
        HOLLAND & HART LLP
        110 North Guadalupe, Ste 1
        Santa Fe, NM 87501
        Tel:   (505) 988-4421
        Email: lvwest@hollandhart.com

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I hereby certify that on August 4, 2025, I caused a true and correct copy of the foregoing to be filed and served electronically via CM/ECF, which caused all parties or counsel to be served by electronic means.

*/s/ Austin W. Jensen*
Austin W. Jensen

35343773_v5