IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGE J. MADERA, M.D.,

     Plaintiff,

v.                                      Case No. 1:22-cv-00285-MLG-SCY

TAOS HEALTH SYSTEMS, INC.,
d/b/a HOLY CROSS HOSPITAL,

     Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO AWARD AND TAX COSTS

Plaintiff George Madera, M.D. ("Madera") tried his claim of intentional interference with prospective economic relations against Defendant Taos Health Systems, Inc., d/b/a Holy Cross Hospital ("Taos") before a jury. Docs. 151, 154. He lost. Doc. 154. The jury found that Madera proved by a preponderance of the evidence his claim's elements except for damages. Doc. 151 at 2; Doc. 154. The Court entered judgment memorializing the outcome. Doc. 154. Subsequently, Taos timely filed a Motion to Award and Tax Costs ("Motion") seeking $21,936.34 with post-judgment interest pursuant to 28 U.SC. §§ 1821, 1920, Federal Rule of Civil Procedure 54(d), and Local Rule 54.2. Doc. 156 at 1, 8-9; Doc. 156-1 at 1-5. It later amended its request to include additional costs it incurred in responding to Madera's Motion for New Trial, Doc. 155. *See* Doc. 169 at 2 n.1; Doc. 169-1; Doc. 160 at 18 n.6. In total, Taos seeks $23,013.45. Doc. 169 at 2 n.1. Madera challenges neither the categories of costs nor the amounts sought. Instead, he asks the Court to exercise its discretion and deny Taos an award of costs in their entirety. *Id.* at 1-2. Having considered the parties' submissions and the applicable law, the Court grants Taos's request for costs.

1

## LEGAL STANDARD

The general rule is that absent a controlling legal directive mandating otherwise, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54. So once a prevailing party establishes a right to recover, the burden shifts to the opposition to overcome the presumption that the costs will be taxed. *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). "'[T]o deny a prevailing party its costs is 'in the nature of a severe penalty,' such that there 'must be some apparent reason to penalize the prevailing party if costs are to be denied.'" *Marx v. Gen. Revenue Corp.,* 668 F.3d 1174, 1182 (10th Cir. 2011) (quoting *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir.1995)). Valid grounds for denying a substantiated request for costs include those situations where:

> (1) the prevailing party is "only partially successful," (2) the prevailing party was "obstructive and acted in bad faith during the course of the litigation," (3) damages are "only nominal," (4) the nonprevailing party is indigent, (5) costs are "unreasonably high or unnecessary," or (6) the issues are "close and difficult."

*See Debord v. Mercy Health Sys. of Kansas, Inc.*, 737 F.3d 642, 659–60 (10th Cir. 2013) (quoting *Cantrell v. Int'l Bhd. Of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995) (en banc)).

## DISCUSSION

**I.      Taos is entitled to recover its costs**.

**A.      Madera was not partially successful at trial, nor did his claim involve complex legal issues or evidence.**

Madera argues that because he established all but one of elements of his claim, he was partially successful at trial and the Court should deny awarding costs to Taos. Doc. 166 at 3-4 (citing *Howell Petroleum Corp. v. Samson Resources Co*., 903 F.2d 778, 783 (10th Cir. 1990) (finding the district court was "within its discretion to refuse to award costs to a party which was

only partially successful"). That position lacks legal support. No rule states or decisional authority holds that establishing some—but not all—elements of a claim is tantamount to victory at trial. The case law Madera cites do not suggest otherwise as all are inapposite. *See Howell,* 903 F.2d at 780 (noting the district court found the plaintiff could recover $86,836.65 in damages because the defendant withheld royalties); *Debord*, 737 F.3d at 660 (ruling the defendant prevailed on all claims and the district court failed to provide an adequate basis for refusing costs to the defendant); *Fusion, Inc. v. Nebraska Aluminum Castings, Inc.*, 962 F. Supp. 1392, 1396-98 (D. Kan. 1997) (discussing whether plaintiff could recover attorney's fees pursuant to a relevant contract's provision and not addressing costs awarded under Rule 54). Those facts stand in stark contrast to the circumstances here; Madera did not prevail on any claims at trial.

Equally unavailing is Madera's contention that the legal and factual issues in this case were sufficiently difficult to justify excusing him from paying costs. Doc. 166 at 5. He provides no legal support for this position, and the authorities he cites involve materially different facts. *See*, *e.g.*, *Debord*, 737 F.3d at 659–60 (10th Cir. 2013) (finding the district court failed to provide an adequate basis for denying costs to the defendant); *Treaster v. HealthSouth Corp.*, 505 F. Supp. 2d 898, 901, 906-07 (D. Kan. 2007) (holding that a prevailing defendant who the jury found not at fault should receive costs); *Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1074–75 (D. Kan. 2005) (awarding costs on two of the eleven claims the plaintiff won but not for the nine on which the plaintiff did not prevail).

Notably, one of the cases Madera cites cuts against his position. In *Treaster*, which involved a negligence claim against a physician for allegedly failing to order adequate restraints, the jury returned a defense verdict after an eight-day trial. 505 F. Supp. 2d at 901. The court declined to deny costs based on the purported closeness or complexity of the issues, explaining

that although the evidence was lengthy and factually complex, that factor did not weigh for or against denying costs. *Id*. at 906.

Madera fails to explain how his case—featuring a single claim for intentional interference with prospective economic relations—is more complex or difficult than *Treaster* or similar cases. *See* Doc. 166 at 5; *see also Klein*, 44 F.3d at 1506–07 (holding that the complexity and length of a six-week trial involving multiple contract claims, including interference with prospective business advantage,[1] was "no justification to penalize" the prevailing party with a denial of costs). The legal and factual issues raised as part of Madera's sole claim of tortious interference of economic relations were not sufficiently close or difficult to warrant a denial of Taos's costs.

### C.    Taos engaged in neither bad faith nor obstructive conduct during litigation.

Madera states—without citing—that Tenth Circuit law permits the Court to deny costs when a prevailing party engaged in obstructive or bad-faith conduct during the litigation. Doc. 166 at 5-6. He offers, however, no evidence of Taos's improper conduct during this litigation. *See* Doc. 166. While Madera may take issue with some of Taos's tactics, "a district court may not deny costs on the ground that the district court personally disapproves of the conduct upon which the plaintiff's unsuccessful claim was based." *Zeran v. Diamond Broad, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). A "district court's own view of extra-judicial conduct . . . should play no part" in

---

[1] The claim of tortious interference with prospective business advantage in *Klien* is almost identical to the New Mexico claim of tortious interference with prospective economic relations. *Compare Klien*, 44 F.3d at 1506 (holding to establish a claim for tortious interference with prospective business advantage "a plaintiff must show intentional and improper interference preventing the formation of a contract. The defendant can interfere either by inducing or causing a third party not to enter into or continue relations, or by preventing the plaintiff from acquiring or continuing the relations.") (internal citations omitted),; *with Guest*, 2008-NMCA-144 at ¶ 32 ("To prove intentional interference with prospective contractual relations, [plaintiff] must show that [defendant] damaged her by either (1) inducing or otherwise causing [third party] not to enter into or continue a prospective relation with [plaintiff] or (2) preventing [plaintiff] from acquiring or continuing a prospective relation with [third party].").

determining whether to depart from the presumption that the prevailing party is entitled to costs. *Id.* Madera provides no compelling grounds to disregard this authority.

**D.      Madera's good faith does not support a denial of costs.**

Madera argues that because he initiated this matter in good faith, he should be absolved of paying litigation costs. Doc. 166 at 6. Of course, "all parties to a federal action have an obligation to act in good faith and with proper purpose." *AeroTech, Inc.*, *v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997) (citation modified). But merely satisfying this minimum standard is not a sufficient basis to deny a valid request for costs. *Id*. ("[T]he district court's finding that [the plaintiff] did not initiate its suit against [the defendant] in bad faith is insufficient to permit the court to deny costs under Rule 54(d)."); *see also Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) ("[T]he Fourth, Sixth, Seventh, Ninth and Tenth [Circuits] [] [have] ruled that good faith, by itself, cannot defeat the operation of Rule 54(d)(1)."). The Court declines to do so here.

**II.      Award of Costs to Taos**

"The taxing of costs rests in the sound judicial discretion of the district court." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998). Pursuant to 28 U.S.C. § 1920, a district court may award costs to a prevailing party for:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Local Rule 54.2 lists the taxable costs categories as transcripts; deposition costs; witness costs; interpreter and translator fee; copies of papers; and maps, charts, models, photographs, summaries,

and computations and statistical summaries. *See* D.N.M.LR-Civ. 54.2 (a)-(f).[2] "Whether a court may tax a particular cost often hinges on whether the Court finds materials were necessarily obtained for use in the case for the purpose of statutory costs or were reasonably necessary to the litigation' under the Local Rules." *Munoz v. FCA US LLC*, No. 1:17-cv-00881-WJ-SCY, 2022 WL 16744374, * 2 (D.N.M. Nov. 7, 2022) (citation modified). District courts may award costs even if the materials or services "'are ultimately not used to dispose of the matter.'" *Id.* (citing *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009)). "Costs are not recoverable by the prevailing party if the materials at issue were 'solely for discovery' or 'merely added to the convenience of counsel or the district court.'" *Munoz*, 2022 WL 16744374, at * 2 (quoting *In re Williams Sec. Litig.*, 558 F.3d at 1147-48).

The Court has reviewed the costs in Taos's Motion and supporting documentation, and it finds only one cost unrecoverable. *See* Docs. 156; 156-1; 169-1. Specifically, in Cost #1, Taos requests an award for the video recording of Madera's deposition. Doc. 156-1 at 1, 9. Taos is entitled to the cost of the transcript of Madera's deposition, as it used it as an exhibit to support its Motion for Summary Judgment. *See* Docs. 78, 78-4; § 1920(2); D.N.M.LR-Civ. 54.2(b)(2). Taos did not use the video recording of the same deposition at trial or in any other proceeding. And it offers no explanation as to why the video recording proved reasonably necessary to the litigation. *See* Doc. 156. The Court therefore declines to award $1,894.00 for the cost of the video recording of Madera's deposition. *See* Doc. 156-1 at 9.

---

[2] "[W]hen the local rules and § 1920 are not in accord with regard to costs, the local rule does not limit the Court's statutory authority under § 1920." *Munoz v. FCA US LLC*, No. 1:17-cv-00881-WJ-SCY, 2022 WL 16744374, at *1 (D.N.M. Nov. 7, 2022).

## CONCLUSION

For the reasons stated above, the Court grants Defendant Taos Health Systems, Inc., d/b/a Holy Cross Hospital's Motion to Award and Tax Costs, Doc. 156. The Court awards Taos $21,119.45 with post judgment interest in costs.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

7